**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| MARKEISHA DEBOE-CLARK,                          ) | |
| )                          | |
| Plaintiff,                          ) | |
| )                          | |
| v.                          ) | |
| )                          | |
| U-HAUL INTERNATIONAL, INC.                          ) | |
| a/k/a WYCO MANUFACTURING                          ) | |
| Serve at:                          )                          | Case No. |
| 2727 N. Central Ave.                          ) | |
| Phoenix, AZ 85004                          )                          | **JURY TRIAL DEMANDED** |
| )                          | |
| and                          ) | |
| )                          | |
| U-Haul Co. of Kansas, Inc.                          ) | |
| a/k/a WYCO MANUFACTURING                          ) | |
| Serve Resident Agent:                          ) | |
| CT Corporation System                          ) | |
| 112 SW 7th Street, Suite 3C                          ) | |
| Topeka, Kansas 66603                          ) | |
| )                          | |
| Defendants.                          ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Markeisha DeBoe-Clark ("Plaintiff"), by and through her attorney, and alleges the following against Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Kansas, Inc.:

**NATURE OF THE CLAIM**

1.      This is an action to remedy violations of the rights of Plaintiff Markeisha DeBoe-Clark under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter referred to as "Title VII"), for employment discrimination on the basis of race/color and retaliation for engaging in protected activity.

## PARTIES

2.      Plaintiff is an African American/black female citizen of the United States, presently residing in Kansas City, Missouri.

3.      Defendant U-Haul International, Inc. is a foreign corporation doing business in the state of Kansas and/or maintains continuous and systematic contacts with the state of Kansas.

4.      Defendant U-Haul Co. of Kansas, Inc. is a Kansas corporation doing business in the state of Kansas.

5.      At all times mentioned herein, before and hereafter, all individual perpetrators were agents, servants and/or employees of Defendant U-Haul International, Inc. and/or Defendant U-Haul Co. of Kansas, Inc. (collectively referred to as "Defendants") and were at all times acting within the course and scope of their agency and/or employment, and/or their actions were expressly authorized by Defendants and/or their actions were ratified by Defendants thereby making Defendants liable for said actions under the doctrine of respondeat superior.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over this case pursuant to Title VII and 28 U.S.C. §1331 (Federal Question).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

8.      On 11-13-2025, Plaintiff timely filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). The Charge against U-Haul International, Inc. was assigned EEOC Charge No. 563-2026-00500. The Charge against

U-Haul Co. of Kansas, Inc. was assigned EEOC Charge No. 563-202-2026-00501.

9. On 03-21-2026, the EEOC issued a Notice of Right to Sue as to Charge No. 563-2026-00500 (U-Haul International, Inc.). On 06-06-2026, The EEOC issued a Notice of Right to Sue as to Charge No. 563- 2026-00501 (U-Haul Co. of Kansas, Inc.).

10. This lawsuit was filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notices. Plaintiff has therefore complied with administrative prerequisites before filing this action.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

12. Plaintiff was previously jointly employed by Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Kansas, Inc. (hereinafter referred to collectively as "U-Haul" or "Defendants").

13. U-Haul subjected Plaintiff to discriminatory and/or retaliatory actions.

14. On or about May 2018, Plaintiff began working for U-Haul (a/k/a WYCO Manufacturing) as an assembler at U-Haul's facility located in Kansas City, Kansas ("Facility").

15. On or about June 2025, Plaintiff was promoted to a "Lead" position at the Facility.

16. On or about the week of July 20, 2025, several Black/African American team members (co-workers) came to Plaintiff expressing their concerns about how they were being treated and talked to by Supervisor Malissa Harrison (White/Caucasian). Their concerns included being discriminated against by being talked down to like children and being disrespected and targeted for criticism. Examples of adverse treatment included: Harrison had targeted Black

employee, Antoine (l/n/u), claiming he was responsible for "loose lug nuts" on a vehicle when others, including white employees, could have been responsible. Antoine denied responsibility. Also, Harrison had targeted Black employee Essence (l/n/u) for using her phone for music while other non-Black employees were allowed to use their phones for music.

17.     After receiving the team members concerns, Plaintiff notified both Facility/Plant Manager Khrista Harkins (White) President of WYCO Manufacturing and Manager Philip Mercer (White) of what Plaintiff reasonably believed to be racial discrimination noting Harrison's actions toward Black team members and their concerns as related to Plaintiff (Protected Activity).

18.     On information and belief, U-Haul failed to take appropriate action to investigate and/or correct the discrimination and/or perceived discrimination. Instead, Plaintiff was told Harrison's actions were acceptable because "…she was under a lot of pressure from Arizona…".

19.     U-Haul's home office is located in Arizona.

20.     Thereafter, before the end of July 2025, U-Haul demoted Plaintiff from her "Lead" position and reduced her pay.

21.     On information and belief, such adverse action, demotion and reducing pay, was taken by U-Haul in retaliation for Plaintiff engaging in protected activity (Retaliation).

22.     Plaintiff then complained to Jeremy Frank (White) U-Haul Executive V.P. at U-Haul's corporate offices in Phoenix, Arizona about what Plaintiff reasonably believed to be racism at the Facility and the retaliation Plaintiff had experienced. (Protected Activity)

23.     On or about, August 5, 2025, Plaintiff was discharged by Khrista Harkins ("Harkins").

24.     Harkins told Plaintiff that Plaintiff was being discharged because Harkins

4

believed Plaintiff was unhappy and Harkins wanted Plaintiff to go somewhere Plaintiff would be happy.

25. On information and belief such adverse action, discharge, was taken by U-Haul in retaliation for Plaintiff engaging in protected activity (Retaliation).

26. After being discharged, Plaintiff applied for unemployment benefits.

27. U-Haul contested (unsuccessfully) Plaintiff's application for unemployment benefits.

28. On information and belief such adverse action, contesting Plaintiff's application for unemployment benefits, was taken by U-Haul in retaliation for Plaintiff engaging in protected activity (Retaliation).

**COUNT I**
**Violation of Title VII - Employment Discrimination on the basis of Race**

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

30. Plaintiff is an African American/black person. Thus, she is a member of a class of persons protected by Title VII by virtue of her race.

31. Defendants are employers within the meaning of Title VII.

32. At all relevant times herein, Plaintiff was qualified for the positions she held while employed by Defendants.

33. Defendants treated Plaintiff less favorably than non-African American employees because of her race.

34. As a direct result of such conduct, Plaintiff sustained damage.

35. Defendants terminated Plaintiff.

36.    Defendants terminated Plaintiff because of her race.

37.    As a direct result of such conduct, Plaintiff sustained damage.

38.    The actions of Defendants as noted above, have been continuously discriminatory, hostile, arbitrary and capricious, and constitute a disparity in treatment toward Plaintiff, based on her race, as to job terms, conditions and privileges of employment, and constitute unlawful employment practices, in violation of Title VII.

39.    As a direct and proximate result of Defendants' unlawful violation of Plaintiff's statutory rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employment benefits, humiliation, embarrassment, mental distress, emotional pain and suffering, harm to reputation, inconvenience and career disruption, plus other pecuniary and non-pecuniary actual damages, all in amounts which cannot be ascertained precisely at this time, but which will be established in the course of discovery and before trial.

40.    The actions of Defendants were malicious, outrageous, calculated toward Plaintiff, or were taken in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of Title VII.

41.    Plaintiff is entitled to punitive damages in such amounts as the jury deems fair, reasonable, and sufficient to punish Defendants and to deter Defendants and others from like conduct.

42.    Under Title VII, if Plaintiff prevails, she is entitled to recover all costs incurred herein, including reasonable attorneys' fees and all other costs and expenses of litigation.

43.    Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment on Count I in her favor and against Defendants, after jury trial, awarding Plaintiff all actual damages and losses shown in evidence, as determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorneys' fees and expenses, and for all other damages and costs incurred and for such other relief as the Court deems proper.

## COUNT II
### Violation of Title VII - Retaliation for engaging in Protected Activity

44.    Plaintiff realleges and incorporates by reference each and every averment of this Petition as though fully set forth herein.

45.    Plaintiff reasonably believed in good faith that the conduct she complained about violated Title VII.

46.    Plaintiff's complaints and/or reports to her supervisors and/or Defendants concerning discrimination due to race and/or retaliation constituted activity protected by Title VII.

47.    As a result of engaging in such protected activity, Plaintiff suffered adverse employment actions/consequences, including but not limited to, being demoted and/or having her pay reduced by Defendants and/or being discharged from employment by Defendants and/or having her application for unemployment benefits contested by Defendants.

48.    Defendants, through their agents and employees, acted intentionally, with a retaliatory motive, when engaging in such conduct.

49.    As a direct result of such retaliatory conduct by Defendants, Plaintiff sustained damage.

50.    As a direct and proximate result of Defendants' unlawful violation of Plaintiff's

7

statutory rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employment benefits, humiliation, embarrassment, mental distress, emotional pain and suffering, harm to reputation, inconvenience and career disruption, plus other pecuniary and non-pecuniary actual damages, all in amounts which cannot be ascertained precisely at this time, but which will be established in the course of discovery and before trial.

51.    The actions of Defendants were malicious, outrageous, calculated toward Plaintiff, or were taken in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of Title VII.

52.    Plaintiff is entitled to punitive damages in such amounts as the jury deems fair, reasonable, and sufficient to punish Defendants and to deter Defendants and others from like conduct.

53.    Under Title VII, if Plaintiff prevails, she is entitled to recover all costs incurred herein, including reasonable attorneys' fees and all other costs and expenses of litigation.

54.    Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment on Count II in her favor and against Defendants, after jury trial, awarding Plaintiff all actual damages and losses shown in evidence, as determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorneys' fees and expenses, and for all other damages and costs incurred and for such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims triable by jury herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.


Respectfully Submitted,

*/s/Donald F. McDonald, Jr.*
Donald F. McDonald, Jr.  KS #22394
Attorney at Law
8500 Shawnee Mission Pkwy, Suite L22
Merriam, KS  66202
Phone: (816) 694-6664
FAX:   (913) 671-3301
dfm@dfmcdonald.com
**ATTORNEY FOR PLAINTIFF**

9